**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| GROUPCHATTER, LLC<br>    Plaintiff,<br><br>v.<br><br>SENSUS USA INC.<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:15-cv-00863 |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff GroupChatter, LLC files this Original Complaint against Defendant Sensus USA Inc., for infringement of: U.S. Patent Nos. 7,969,959; 8,199,740; 8,588,207; and 9,014,659.

**THE PARTIES**

1.      Plaintiff GroupChatter, LLC ("GroupChatter") is a Texas limited liability company with its headquarters and principal place of business at 1400 Preston Road., Suite 475, Plano, Texas 75093.

2.      Defendant Sensus USA Inc. ("Sensus") is a Delaware corporation with its principal place of business at 8601 Six Forks Road., Suite 300 Raleigh, North Carolina 27615. Sensus may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**JURISDICTION AND VENUE**

3.      GroupChatter brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Defendant does business in this judicial district, has committed acts of infringement

in this judicial district, has purposely transacted business in this judicial district involving the accused products and/or, has regular and established places of business in this judicial district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 7,969,959)

6. GroupChatter incorporates paragraphs 1 through 5 herein by reference.

7. GroupChatter is the owner, by assignment, of U.S. Patent No. 7,969,959 (the "'959 Patent"), titled "METHOD AND APPARATUS FOR EFFICIENT AND DETERMINISTIC GROUP ALERTING."

8. A true and correct copy of the '959 Patent is attached as Exhibit A.

9. As the owner of the '959 Patent, GroupChatter holds all substantial rights in and under the '959 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

10. The United States Patent Office granted the '959 Patent on June 28, 2011.

11. The '959 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12. Defendant has no consent or authorization to practice the '959 Patent.

13. Sensus is practicing one or more claims of the '959 Patent, including at least

claims 1 and 30, by making, using, offering for sale, selling, and/or importing components and systems for alerting groups of recipients over a wireless network.

14. Sensus has directly infringed and continues to infringe the '959 Patent by practicing, without limitation, the methods of claims 1 and 30 by deploying, testing, and operating a wide area Advanced Metering Infrastructure (AMI) network that enables remote configuration, operation, and monitoring of utility meters (the "FlexNet AMI System").

15. The FlexNet AMI System operates with endpoints (e.g., electric meters) that have a SmartPoint radio module.

16. The Sensus FlexNet AMI System relies on a wireless network that includes FlexNet base stations to communicate with the endpoints.

17. During operation of the FlexNet AMI System, Sensus processes endpoint addresses, endpoint group addresses, outgoing communications, and incoming acknowledgment responses.

18. FlexNet AMI System includes subsystems and components including the Regional Network Interface (RNI), Meter Data Management (MDM) system, FlexWare system, Logic system, FlexNet Utility system, Device Manager system, and SmartPoint modules.

19. In operation of the FlexNet AMI System, endpoints are assigned addresses.

20. FlexNet AMI System endpoints are identified by Device ID and/or Network Address.

21. Actions may be performed on a set of grouped FlexNet AMI System endpoints.

22. GroupChatter has been damaged as a result of Defendant's infringing conduct described in Count 1. Sensus is liable to GroupChatter in an amount that adequately compensates it for Sensus's infringement, which, by law, can be no less than a reasonable

royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 2
## (INFRINGEMENT OF U.S. PATENT NO. 8,199,740)

23. GroupChatter incorporates paragraphs 1 through 22 herein by reference.

24. GroupChatter is the owner, by assignment, of U.S. Patent No. 8,199,740 (the "'740 Patent"), titled "METHOD AND APPARATUS FOR EFFICIENT AND DETERMINISTIC GROUP ALERTING."

25. A true and correct copy of the '740 Patent is attached as Exhibit B.

26. As the owner of the '740 Patent, GroupChatter holds all substantial rights in and under the '740 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

27. The United States Patent Office granted the '740 Patent on June 12, 2012.

28. The '740 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

29. Sensus is practicing one or more claims of the '740 Patent, including at least claims 1 and 11, by making, using, offering for sale, selling, and/or importing components and systems for alerting groups of recipients over a wireless network.

30. Sensus has directly infringed and continues to infringe the '740 Patent by practicing one or more claims of the '740 Patent, including at least claims 1 and 11, by deploying, testing, and operating the FlexNet AMI System and its subsystems that provide a deterministic group messaging system through which Sensus alerts groups of recipient endpoints over a wireless network.

31. Sensus FlexNet AMI System endpoints (e.g., electric utility meters) are capable of transmitting and receiving data wirelessly.

32. Sensus stores and processes endpoint and group addresses for multiple endpoints.

33. Sensus provides endpoints with data by broadcasting outgoing communications to the endpoints and processes incoming acknowledgments when it operates the FlexNet AMI System and related subsystems including the RNI, MDM system, FlexWare system, Logic system, FlexNet Utility system, Device Manager system, and SmartPoint modules.

34. The FlexNet AMI System and related subsystems are a deterministic group messaging system, as recited in claim 11, for providing acknowledged group messaging.

35. GroupChatter has been damaged as a result of Defendant's infringing conduct described in Count 2. Sensus is liable to GroupChatter in an amount that adequately compensates it for their infringement, which amount, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT 3**
**(INFRINGEMENT OF U.S. PATENT NO. 8,588,207)**

36. GroupChatter incorporates paragraphs 1 through 35 herein by reference.

37. GroupChatter is the owner, by assignment, of U.S. Patent No. 8,588,207 (the "'207 Patent"), titled "METHOD AND APPARATUS FOR EFFICIENT AND DETERMINISTIC GROUP ALERTING."

38. A true and correct copy of the '207 Patent is attached as Exhibit C.

39. As the owner of the '207 Patent, GroupChatter holds all substantial rights in and under the '207 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

40. The United States Patent Office granted the '207 Patent on November 19, 2013.

41. The '207 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

42. Sensus is practicing one or more claims of the '207 Patent, including at least claims 1 and 8, by making, using, offering for sale, selling, and/or importing the FlexNet AMI System and its subsystems that provide a deterministic group messaging system through which Sensus alerts groups of recipients over a wireless network.

43. Sensus has directly infringed and continues to infringe the '207 Patent by deploying, testing, and operating the FlexNet AMI System that provides acknowledged group messaging with endpoints (e.g., utility meters) in the FlexNet AMI System.

44. Sensus processes endpoint and group identifiers, provides the endpoints with related data, wirelessly transmits outgoing communications to the endpoints, and processes incoming acknowledgments when it operates the FlexNet AMI System and related subsystems including the RNI, MDM system, FlexWare system, Logic system, FlexNet Utility system, Device Manager system, and SmartPoint modules.

45. The FlexNet AMI System and related subsystems are a deterministic group messaging system as recited in '207 claim 8 and provide acknowledged group messaging.

46. GroupChatter has been damaged as a result of Defendant's infringing conduct described in Count 3. Sensus is liable to GroupChatter in an amount that adequately compensates it for their infringement, which, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT 4**
**(INFRINGEMENT OF U.S. PATENT NO. 9,014,659)**

47. GroupChatter incorporates paragraphs 1 through 46 herein by reference.

48. GroupChatter is the owner, by assignment, of U.S. Patent No. 9,014,659 (the "'659 Patent"), titled "METHOD AND APPARATUS FOR EFFICIENT AND DETERMINISTIC GROUP ALERTING."

49. A true and correct copy of the '659 Patent is attached as Exhibit D.

50. As the owner of the '659 Patent, GroupChatter holds all substantial rights in and under the '659 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

51. The United States Patent Office granted the '659 Patent on April 21, 2015.

52. The '659 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

53. Sensus is practicing one or more claims of the '659 Patent, including at least claims 1 and 10, by making, using, offering for sale, selling, and/or importing the FlexNet AMI System and its subsystems that provide a deterministic group messaging system through which Sensus alerts groups of recipients over a wireless network.

54. Sensus has directly infringed and continues to infringe the '659 Patent by deploying, testing, and operating the FlexNet AMI System that provides acknowledged group messaging with endpoints (e.g., utility meters) in the FlexNet AMI System.

55. In operation, the Sensus FlexNet AMI System provides acknowledged group messaging.

56. The Sensus FlexNet AMI System stores an identifier for a plurality of endpoints (e.g., connected electric meters).

57. The Sensus FlexNet AMI System provides for grouping of endpoints and assignment of a group identifier to a group of endpoints.

58. The Sensus FlexNet AMI System wirelessly transmits data to endpoints.

59. The Sensus FlexNet AMI System processes incoming acknowledgments from endpoints within a group.

60. The FlexNet AMI System and related subsystems including the RNI, MDM system, FlexWare system, Logic system, FlexNet Utility system, Device Manager system, and SmartPoint modules monitor for responses from endpoints to group message transmissions.

61. The FlexNet AMI System and related subsystems are a deterministic group messaging system for providing acknowledged group messaging.

62. GroupChatter has been damaged as a result of Sensus's infringing conduct described in Count 4. Sensus is liable to GroupChatter in an amount that adequately compensates it for their infringement, which compensation, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## NOTICE OF REQUIREMENT OF LITIGATION HOLD

63. Sensus is hereby notified it is legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Sensus knows, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

64. As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets,

databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored.  These sources may also include any personal electronic, digital, and storage devices of any and all of Sensus's agents, resellers, or employees if Sensus's electronically stored information resides there.

65. Sensus is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Sensus's claims and/or defenses.  To avoid such a result, Sensus's preservation duties include, but are not limited to, the requirement that Sensus immediately notify its agents and employees to halt and/or supervise the auto-delete functions of Sensus's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## JURY DEMAND

66. GroupChatter hereby demands a trial by jury on all claims, issues and damages so triable.

## PRAYER FOR RELIEF

67. GroupChatter prays for the following relief:

   a. That Sensus be summoned to appear and answer;

   b. That the Court enter an order declaring that Sensus has infringed the '959 Patent, the '740 Patent, the '207 Patent, and the '659 Patent.

    c. That the Court grant GroupChatter judgment against Sensus for all actual, consequential, special, punitive, increased, and/or statutory damages, including, if necessary, an accounting of all damages; pre and post-judgment interest as allowed by law; and reasonable attorney's fees, costs, and expenses incurred in this action; and

    d. That GroupChatter be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 22, 2015

Respectfully submitted,

**TAYLOR DUNHAM AND RODRIGUEZ LLP**
301 Congress Ave., Suite 1050
Austin, Texas 78701
512.473.2257 Telephone
512.478.4409 Facsimile

By: _/s/ Cabrach J. Connor_
Cabrach J. Connor
State Bar No. 24036390
Email: cconnor@taylordunham.com
David E. Dunham
State Bar No. 06227700
Email: ddunham@taylordunham.com
Jennifer Tatum Lee
Texas Bar No. 24046950
Email: jtatum@taylordunham.com
Sergio R. Davila
Texas Bar No. 24079795
Email: sdavila@taylordunham.com