**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

**GROUPCHATTER, LLC**,

     Plaintiff,

v.

**SENSUS USA, INC.**,

     Defendant.

Case No. 6:15-CV-863-JRG-JDL

**DEFENDANT SENSUS USA, INC.'S MOTION TO TRANSFER VENUE TO THE
<u>NORTHERN DISTRICT OF GEORGIA</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT .........................................................................................................................7

I.   Legal Standard..............................................................................................................7

II.  This Action Could Have Been Brought in the Northern District of Georgia..........................8

III. The Private Interest Factors Weigh In Favor of Transfer to the Northern District of Georgia......................................................................................................................9

    A.   The Relative Ease of Access of Sources of Proof Favors Transfer. .................................9

    B.   The Availability of Compulsory Process to Secure the Attendance of Non-Party Witnesses Favors Transfer. ..................................................................................11

    C.   The Convenience of Attendance for Willing Witnesses Favors Transfer. ....................13

    D.   Judicial Economy Weighs in Favor of Transfer.. ..........................................................14

IV.  The Public Interest Factors Weigh In Favor of Transfer to the Northern District of Georgia. ...................................................................................................................15

    A.   There is a Local Interest in Having This Case Decided in Georgia...............................15

    B.   The Remaining Public Interest Factors Are Neutral.....................................................17

CONCLUSION.....................................................................................................................17

# TABLE OF AUTHORITIES

**Page**

## Cases

*ACQIS LLC v. EMC Corp.*,
   67 F. Supp. 3d 769, 776 (E.D. Tex. 2014)............................................................13

*Adaptix, Inc. v. HTC Corp.*,
   937 F. Supp. 2d 867 (E.D. Tex. 2013)............................................................11, 16

*Bandspeed, Inc. v. Acer, Inc.*,
   No. 2:10-cv-215, 2011 U.S. Dist. LEXIS 91472 (E.D. Tex. Aug. 15, 2011)..........15

*Chrimar Sys., Inc. v. Juniper Networks, Inc.*,
   No 6:15-cv-630, Dkt. No. 24 at 7 (E.D. Tex. Jan. 11, 2016)..................................12

*Chrimar Sys., Inc. v. Ruckus Wireless, Inc.*,
   No. 6:15-cv-638, Dkt. No. 28 at 7 (E.D. Tex. Dec. 9, 2015)..................................12

*Frederick v. Advanced Fin. Solutions, Inc.*,
   558 F. Supp. 2d 699 (E.D. Tex. 2007)......................................................................9

*In re EMC Corp.*,
   501 F. App'x. 973 (Fed. Cir. 2013)........................................................................14

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)..........................................................................9, 13

*In re Hoffman-La Roche*,
   587 F.3d 1333 (Fed. Cir. 2009)........................................................................11, 16

*In re Microsoft Corporation*,
   630 F.3d 1361 (Fed. Cir. 2011)................................................................................8

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009)................................................................................8

*In re Toa Techs., Inc.*,
   543 F. App'x 1006 (Fed. Cir. 2013) .........................................................................9

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014)................................................................................8

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008)..........................................................................8, 16

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ..................................................................................7, 8, 9, 13

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)......................................................................................8, 11

*Lone Star Document Mgmt., LLC v. Catalyst Repository Sys.*,
    No. 6:12-cv-164, 2013 U.S. Dist. LEXIS 144617 (E.D. Tex. Mar. 15, 2013) .......................15

*McCloud v. McClinton Energy Group., L.L.C.*,
    No. 5:14-cv-620, 2014 U.S. Dist. LEXIS 160080 (W.D. Tex. Nov. 14, 2014)......................12

*Neil Bros. Ltd. v. World Wine Lines, Inc.*,
    425 F. Supp. 2d 325 (E.D.N.Y. 2006) .................................................................................13

*Network Prot. Scis., LLC v. Juniper Networks, Inc.*,
    No. 2:10-cv-224, 2012 U.S. Dist. LEXIS 7575 (E.D. Tex. Jan. 23, 2012) ..............................8

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
    No. 6:09-cv-390, 2010 U.S. Dist. LEXIS 104616 (E.D. Tex. Sept. 30, 2010).......................13

*Phil-Insul Corp. v. Reward Wall Sys., Inc.*,
    No. 6:11-cv-53, 2012 U.S. Dist. LEXIS 114493 (E.D. Tex. Feb. 10, 2012).........................13

*Realtime Data LLC v. Teradata Operations, Inc.*,
    No. 6:15-cv-470, Dkt. No. 35, at 10, 2016 U.S. Dist. LEXIS 6320 (E.D. Tex.
    Jan. 20, 2016) ...............................................................................................................14, 15

*TracBeam, LLC v. Apple, Inc.*,
    No. 6:14-CV-680, 2015 U.S. Dist. LEXIS 131920 (E.D. Tex. Sept. 29, 2015)....................17

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
    No. 6:09-cv-448, 2010 U.S. Dist. LEXIS 69536 (E.D. Tex. July 13, 2010) ..........................14

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
    No. 2:10-cv-364, 2012 U.S. Dist. LEXIS 19210 (E.D. Tex. Feb. 14, 2012).........................16

**Statutes**

28 U.S.C. § 1391(c) ...............................................................................................................9

28 U.S.C. § 1400(b) ...............................................................................................................9

28 U.S.C. § 1404(a) ...............................................................................................................7

## INTRODUCTION

Defendant Sensus USA, Inc. ("Sensus") respectfully requests transfer of this case to the Northern District of Georgia. This Court has already transferred the related consolidated action, *GroupChatter, LLC v. Landis+Gyr Technologies, LLC et al.*, No. 6:15-cv-886 JRG-JDL (E.D. Tex.), to the Northern District of Georgia, in part finding that the Eastern District of Texas had little, if any, connection to that lawsuit. The Court should transfer this case as well.

Transfer is appropriate because this case could have been brought in the Northern District of Georgia, and it is more convenient in that venue for all involved. Sensus has an office and 36 employees in the Atlanta, Georgia area. Atlanta is in the Northern District of Georgia. The purported inventions of the asserted patents were conceived of and reduced to practice in the Northern District of Georgia, and the two named inventors continue to work in Norcross, Georgia, also within the Northern District. Other significant sources of proof from Sensus, including documents and witnesses, are located in Raleigh, North Carolina. Travel of those witnesses to a courthouse in the Northern District of Georgia is significantly more convenient than travel to a courthouse in the Eastern District of Texas.

As noted, there is little connection of this case to the Eastern District of Texas apart from Plaintiff GroupChatter's venue shopping effort. In opposing Landis+Gyr's motion, Plaintiff GroupChatter, LLC ("GroupChatter") could not specifically identify any GroupChatter employee or relevant documents located within the boundaries of the Eastern District of Texas. *GroupChatter, LLC v. Landis+Gyr Technologies, LLC et al.*, No. 6:15-cv-886-JRG-JDL, Dkt. No. 34 at 6, 8 (Feb. 11, 2016 E.D. Tex.). For purposes of this motion it appears that those facts have not changed. Documents located in the Eastern District to which GroupChatter can point to have been transferred to this District for purposes of litigation. There are no GroupChatter witnesses with pertinent substantive knowledge located in this District.

1

Further, considerations of judicial economy also favor transfer. This case is one of four brought by GroupChatter against various defendants.[1] All four cases assert the same patents.[2] Two of these cases have been transferred or refiled in the Northern District of Georgia. For the remaining case against Itron, Defendant Itron has filed a motion to transfer to the Northern District of Georgia as well. It is more efficient to have one court resolve all issues regarding the asserted patents. Accordingly, Sensus moves the Court to transfer this case to the Northern District of Georgia.

## BACKGROUND

**Defendant Sensus.**

Sensus is a leading provider of utility multi-application communications networks and monitoring systems. (Declaration of Todd Boyle ("Boyle Decl."), ¶ 2.) These communications and monitoring systems allow for more precise management and distribution of utility resources to utility customers. (*Id.*) One such system sold by Sensus is the FlexNet AMI System. (*Id.*) The FlexNet AMI System and the related engineering tool FlexNet Utility are the accused systems in this case. (Dkt. No. 36).

Sensus is a privately-held limited liability company with its headquarters located at 8601 Six Forks Road, Suite 700, Raleigh, North Carolina 27601. (Boyle Decl. at ¶ 4.) In addition to its research development center located in nearby Morrisville, North Carolina, Sensus maintains an office at 817 West Peachtree Street, Suite 800, Atlanta, Georgia. (*Id.*) Sensus does not have an office in Texas. (*Id.*)[3]

---

[1]     *GroupChatter, LLC v. Landis+Gyr Technologies, LLC et al.,* No. 6:15-cv-886-JRG (E.D. Tex.); *GroupChatter, LLC v. Itron, Inc.,* No. 6:15-cv-900-JRG (E.D. Tex.); *GroupChatter, LLC v. General Electric Co. et al.,* No. 6:15-cv-975-RWS (E.D. Tex.).
[2]     U.S. Patent Nos. 7,969,959; 8,199,740; 8,588,207; and 9,014,659.
[3]     Smith-Blair, Inc. is a wholly-owned subsidiary of Sensus and is located in Texarkana, Texas. (Boyle Decl. ¶ 10). Smith-Blair manufactures water, natural gas, and oilfield pipefittings. (*Id.*) Smith-Blair does not participate in

The research, design, and development of the accused FlexNet AMI System and FlexNet Utility occurs primarily in Morrisville, North Carolina. (*Id.* at ¶ 5). Some work relating to the meters used in the FlexNet AMI System occurs in Covington, Louisiana. (*Id.* at ¶ 6). More than 300 Sensus employees located in the Morrisville, North Carolina area are responsible for and have knowledge about the research, design, development, and deployment of the FlexNet AMI System and the FlexNet Utility. (*Id.* at ¶ 5). Sensus anticipates that these employees will have information relevant to non-infringement and damages.

Employees responsible for the marketing, pricing, and financial results from selling the accused FlexNet AMI System are also located in the Raleigh, North Carolina area. (*Id.*). These employees have relevant information regarding the sale, marketing, and financial results (including revenues, costs and profits) related to the accused FlexNet AMI System and the FlexNet Utility. Sensus anticipates that these witnesses also may have information relevant to non-infringement and damages.

Employees responsible for the sale, post-sale, and technical integration and support of the FlexNet AMI System are concentrated in Morrisville, North Carolina. (*Id.*). Some Sensus employees are also scattered across the United States for on-site client service. Three such employees are located in the Eastern District of Texas; in comparison, 18 of these client service employees are located in the Northern District of Georgia. (*Id.* at ¶ 7). Employees in Morrisville, however, oversee all implementations of the FlexNet AMI System and are involved in the installation, deployment, and client service of those systems. Employees in Morrisville have relevant information regarding the sale, post-sale, and technical integration and support related to

---

the design, development, manufacture, marketing, or sale of the accused FlexNet AMI System or FlexNet Utility. (*Id.*)

the accused systems deployed in the United States. These employees may have information relevant to non-infringement and alleged damages.

Documents pertaining to the research, design, development, sale, pricing, and post-sale support of the accused instrumentalities are centrally located in North Carolina, or are hosted on servers in North Carolina. (*Id.* at ¶ 8). Financial information relating to the sale of the accused systems is also located in Raleigh, North Carolina. (*Id.*). Sensus anticipates that these documents and data are likely relevant to at least the issues of non-infringement and damages.

Sensus sells the accused FlextNet AMI System nationwide, including to customers in the Eastern District of Texas and the Northern District of Georgia. (*Id.* at ¶ 9). There are no Sensus sales representatives that reside in the Eastern District of Texas. (*Id.* at ¶ 7). Sales of the accused FlexNet AMI System are managed from Raleigh, North Carolina. (*Id.* at ¶ 5).

**Plaintiff GroupChatter.**

This Court found limited, if any, contacts of GroupChatter to the Eastern District of Texas. (No. 6:15-cv-886-JRG-JDL, Dkt. No. 34 at 6, 8 (Feb. 11, 2016 E.D. Tex.). This is because GroupChatter is formed solely for litigation, and it does not offer to sell any product that may embody the asserted patents. (Dkt. No. 36 at ¶ 125.) GroupChatter is a Texas limited liability company formed on or about September 26, 2014 under the name "Monument Tech Eta, LLC." (*See* Decl. of David Prange ("Prange Declaration") ¶ 2, Ex. A). According to its corporate documents, Monument Tech Eta changed its name to GroupChatter on or about July 8, 2015. (*See* Prange Decl. ¶ 3, Ex. B). GroupChatter's Texas state filings indicate that it does not have any managers; it is governed by Monument Patent Holdings, LLC, which is another Texas limited liability company. (*See* Prange Decl. ¶ 4, Ex. C).

Monument Patent Holdings was formed on or about December 13, 2013. (*See* Prange Decl. ¶ 4, Ex. C). Monument Patent Holdings' corporate filings indicate that it does not have any managers. (*See* Prange Decl. ¶ 4, Ex. C). Instead, it is governed by three members, two of whom list addresses in Dallas, Texas (outside this District), and one of whom (Matthew DelGiorno) lists an address at 906 Granger Drive, Allen, Texas (within this District). (*See* Prange Decl. ¶ 4, Ex. C). The Allen, Texas address appears to be associated with at least nineteen other entities, including Mr. DelGiorno's law firm, DelGiorno IP Law, PLLC. (*See* Prange Decl. ¶ 5, Ex. D).

GroupChatter contends its headquarters and principal place of business are located at 1400 Preston Road, Suite 475, Plano, Texas 75093. (Dkt. No. 1 ¶ 1). GroupChatter appears to share this address with at least seventeen other entities, including Monument Patent Holdings. (*See* Prange Decl. ¶ 6, Ex. E). Notably, several of these entities share the same corporate formation dates as other entities at this address. (*See* Prange Decl. ¶ 6, Ex. E (showing multiple entities incorporated on 9/26/2014, 5/13/2014, and 3/5/2014)).

**Non-Party Witnesses.**

Significant relevant non-party witnesses are located in, and within the subpoena power of, the Northern District of Georgia. The two named inventors of the asserted patents, James M. Dabbs, III and Brian Claise, still work for the previous owner of the asserted patents, Critical Response Systems, Inc., as the President and Vice President, respectively. (*See* Dkt. No. 1 Exs. A-D; Prange Decl. ¶ 7, Ex. F). Critical Response Systems is located in Norcross, Georgia. (*See* Prange Decl. ¶ 8, Ex. G). Norcross is in the Northern District of Georgia. On information and belief, these non-parties likely have firsthand knowledge and documents pertaining to the conception, reduction to practice, and ownership of the patented technologies, prior art to the asserted patents, the prosecution, valuation, and sale of the asserted patents, manufactured

5

embodiments of the asserted patents, and whether Critical Response Systems appropriately marked its embodying products.

Also located in the Northern District of Georgia is non-party witness IPinvestments Group. (*See* Prange Decl. ¶ 9, Ex. H). IPinvestments represented Critical Response Systems in connection with its sale of the asserted patents. (*See* Prange Decl. ¶ 9, Ex. H). Accordingly, IPinvestments likely has firsthand knowledge and documents pertaining to the sale of and any valuation performed on the asserted patents.

The patent attorney primarily involved in the prosecution of the asserted patents is located in Washington, D.C. (*See* Prange Decl. ¶ 10, Ex. I).

**Procedural History.**

GroupChatter filed its Complaint against Sensus on September 22, 2015, alleging infringement of U.S. Patent Nos. 7,969,959; 8,199,740; 8,588,207; and 9,014,659. (Dkt. No. 1). In a span of 50 days, GroupChatter filed suit against Landis+Gyr Technologies, Itron, Inc., and General Electric Company, all venued in the Eastern District of Texas.[4] The lawsuits asserted the same patents. After GroupChatter served its infringement contentions on Sensus, and after the parties served initial disclosures, GroupChatter served a First Amended Complaint on January 16, 2016. (Dkt. No. 36).

On February 5, 2016, the Court consolidated the Sensus, Itron, and Landis+Gyr lawsuits.[5] (Dkt. No. 43). On February 11, 2016, this Court granted a motion to transfer venue brought by Landis+Gyr and transferred the case to the Northern District of Georgia. (No. 6:15-cv-886, Dkt. No. 34). During the pendency of Landis+Gyr's motion, GE also brought a motion to transfer

---

[4] *GroupChatter, LLC v. Landis+Gyr Technologies, LLC et al.,* No. 6:15-cv-886-JRG (E.D. Tex.); *GroupChatter, LLC v. Itron, Inc.,* No. 6:15-cv-900-JRG (E.D. Tex.); *GroupChatter, LLC v. General Electric Co. et al.,* No. 6:15-cv-975-RWS (E.D. Tex.).

[5] The GE case was not consolidated because it was assigned to Judge Schroeder. No. 6:15-cv-00975-RWS-JDL (E.D. Tex.).

venue to the Northern District of Georgia. (No. 6:15-cv-00975, Dkt. No. 16). On February 12,

2016, GE and GroupChatter stipulated to a transfer to the Northern District of Georgia to resolve

GE's motion. (*Id.* at Dkt. No. 21). On February 17, 2016, defendant Itron filed its own motion to

transfer venue to the Northern District of Georgia. (No. 6:15-cv-900, Dkt. No. 19). That motion

is pending.

**ARGUMENT**

## I.   Legal Standard.

"For the convenience of the parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been

brought . . . ." 28 U.S.C. § 1404(a). The Fifth Circuit considers "private" and "public" factors to

decide whether transfer of a case is warranted. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315

(5th Cir. 2008). The private factors are: "(1) the relative ease of access to sources of proof; (2)

the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case

easy, expeditious and inexpensive." *Id.* (citation omitted). The public factors are: "(1) the

administrative difficulties flowing from court congestion; (2) the local interest in having

localized interests decided at home; (3) the familiarity of the forum with the law that will

govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the

application of foreign law." *Id.*

The plaintiff's choice of forum is entitled to no weight in determining whether to transfer

venue. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319-20 (Fed. Cir. 2008) ("Fifth Circuit

precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the §

1404(a) analysis."). This is particularly true where a plaintiff's contacts with a forum are recent

and ephemeral, "which are nothing more than a construct for litigation." *Network Prot. Scis.,*

7

*LLC v. Juniper Networks, Inc.*, No. 2:10-cv-224, 2012 U.S. Dist. LEXIS 7575, at *11 (E.D. Tex. Jan. 23, 2012) (citing *In re Microsoft Corporation*, 630 F.3d 1361, 1364-65 (Fed. Cir. 2011); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010)).

"[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *See GroupChatter, LLC v. Landis+Gyr Technologies, LLC et al.*, No. 6:15-cv-886 JRG-JDL (E.D. Tex.). Thus, even though "[t]he analysis may not show that the transferee forum is *far* more convenient[,] that is not what is required." *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (emphasis added). "With nothing on the transferor-forum side of the ledger, the analysis shows that the transferee forum is 'clearly more convenient.'" *Id.* In view of the standard set forth above, this action should be transferred to the Northern District of Georgia because (1) relevant witnesses and documents are located in the Northern District of Georgia or located closer to the transferee district than the Eastern District of Texas; (2) this case has no meaningful connection to the Eastern District of Texas; and (3) two related cases involving the asserted patents are currently being litigated there, suggesting greater economy would be realized if this case is transferred.

## II.   This Action Could Have Been Brought in the Northern District of Georgia.

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen*, 545 F.3d at 312. "A civil action for patent infringement may be brought in the judicial district where the defendant resides" or "has a regular and established place of business." 28 U.S.C. §§ 1391(c), 1400(b).

Sensus has a regular and established place of business in the Northern District of Georgia. Sensus has a regional office location and 36 employees in the Atlanta, Georgia area. These

employees support Sensus customers located in Georgia, including those located in the Northern

District, who have purchased the accused FlexNet AMI System. (Boyle Decl. ¶ 7). Further,

Sensus offers for sale and has sold the accused FlexNet AMI System in the Northern District of

Georgia. (Boyle Decl. ¶ 9). Thus, Sensus is subject to personal jurisdiction in Georgia. This

action could have been brought in the Northern District of Georgia.

### III.   The Private Interest Factors Weigh In Favor of Transfer to the Northern District of Georgia.

#### A.    The Relative Ease of Access of Sources of Proof Favors Transfer.

A venue in which sources of proof are located, or which is closer than the transferor forum,

is favored over a remote forum. "Typically, the most important of the [] factors is whether

substantial inconvenience will be visited upon key fact witnesses should the court deny transfer."

*Frederick v. Advanced Fin. Solutions, Inc.*, 558 F. Supp. 2d 699, 704 (E.D. Tex. 2007). In patent

cases, "the bulk of the relevant evidence usually comes from the accused infringer." *In re

Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). If the proposed transferee forum

improves accessibility to sources of proof, the private interest factor weighs heavily in favor of

transfer. *Id.* "The critical inquiry 'is relative ease of access, not absolute ease of access.'" *In re

Toa Techs., Inc.*, 543 F. App'x 1006, 1009 (Fed. Cir. 2013) (citations omitted).

This factor weighs heavily in favor of transfer. A substantial number of relevant party and

non-party witnesses reside in or near the Northern District of Georgia, while few, if any,

significant witnesses or sources of proof reside in the Eastern District of Texas. Significant

relevant non-party witnesses include the named inventors, the original assignee of the asserted

patents (Critical Response Systems), and the broker who facilitated the sale of the asserted

patents (IPinvestments) to GroupChatter just months before this case was filed. (Prange Decl., ¶¶

7-9, 12 Exs. F, G, H, K). These non-parties are expected to have relevant documents and

information pertaining to the conception, reduction to practice, prosecution, chain of title, sale, and licensing of the asserted patents.

Significant additional sources of proof are conveniently located nearby in North Carolina. Senus's headquarters is located in Raleigh. Sensus's worldwide research and development campus is located in Morrisville. The research, design, development, testing, marketing, pricing, sale and post-sale support of the accused FlexNet AMI System and FlexNet Utility Software is controlled and largely performed at these two locations.[6] Employees responsible for the marketing, pricing, sale, and post-sale support of the accused systems are located at both locations in North Carolina. Employees responsible for the design, development, and testing of the accused systems are located in North Carolina and Covington, Louisiana. (Boyle Decl. ¶¶ 5, 6). These witnesses will be material to non-infringement and alleged damages. Moreover, documents and the source code addressing the FlexNetAMI System are located in Raleigh and Morrisville. (*Id.* at ¶ 8).

In contrast to the Northern District of Georgia and the convenience of accessing sources of proof relevant to Sensus, Sensus has no relevant information that is unique to the Eastern District of Texas. Customer information from customers in the Eastern District of Texas is communicated to the central office hubs in North Carolina. (*Id.* ¶ 7). Sensus does not maintain an office in Texas. (*Id.* ¶ 4). Sensus does not anticipate calling at trial any of its three employees who work in the Eastern District of Texas.

There is also little relevant evidence that GroupChatter can point to located in the Eastern District of Texas. GroupChatter has only been in existence since September 2014, and only acquired the asserted patents in July 2015. (Prange Decl. ¶ 4) GroupChatter's formation shortly

---

[6] Meter development also occurs in Covington, Louisiana. (Boyle Decl. ¶ 6).

before it filed this case appears to be designed to manipulate venue, and "is a classic case where the plaintiff is attempting to game the system" in anticipation of litigation. *Zimmer*, 609 F.3d at 1381-82 (ordering transfer of case from Eastern District of Texas to Northern District of Indiana). In addition, GroupChatter's CEO admitted that documents have been transferred to GroupChatter's offices in this District for purposes of production by counsel. *GroupChatter, LLC v. Landis+Gyr Technologies, LLC et al.,*No. 6:15-cv-886-JRG-JDL, Dkt. No. 34 at 6 (Feb. 11, 2016, E.D. Tex.). To the extent GroupChatter transferred documents to this district in anticipation of litigation, those documents should be disregarded in the transfer analysis. *See In re Hoffman-La Roche*, 587 F.3d 1333, 1337 (Fed. Cir. 2009); *see also GroupChatter, LLC v. Landis+Gyr Technologies, LLC et al.,* No. 6:15-cv-886-JRG-JDL, Dkt. No. 34 at 6 (Feb. 11, 2016, E.D. Tex.).

This factor favors transfer because the significant sources of proof relevant to the claims and defenses in this case are located in the Northern District of Georgia or nearer to the Northern District of Georgia than the Eastern District of Texas.

## B.   The Availability of Compulsory Process to Secure the Attendance of Non-Party Witnesses Favors Transfer.

"Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses [than the transferor district]." *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013). In evaluating this factor, a court "will not speculate regarding the willingness of identified third parties." *Chrimar Sys., Inc. v. Ruckus Wireless, Inc.*, No. 6:15-cv-638, Dkt. No. 28 at 7 (E.D. Tex. Dec. 9, 2015); *GroupChatter, LLC v. Landis+Gyr Technologies, LLC et al.,* No. 6:15-cv-886-JRG-JDL, Dkt. No. 34 at 6 (Feb. 11, 2016, E.D. Tex.) (discounting representation of GroupChatter that non-party inventors would agree to travel to the Eastern District of Texas and finding that this factor weighs in favor of transfer).

Here, a greater number of non-party witnesses are located within the absolute subpoena power of the Northern District of Georgia than the Eastern District of Texas. The two named inventors of the asserted patents, James M. Dabbs, III, Brian Claise, still appear to work for the original assignee of the asserted patents, Critical Response Systems, as the President and Vice President, respectively. (*See* Prange Decl. ¶ 7, Ex. F). Critical Response Systems is located in the Northern District of Georgia. (*See* Prange Decl. ¶ 8, Ex. G). These non-parties likely have firsthand knowledge about, and documents pertaining to, the conception, reduction to practice, and ownership of the patented technologies, the prosecution, valuation and sale of the asserted patents, and prior art to the asserted patents. Additionally, IPinvestments Group, the company that brokered the sale of the asserted patents, is also located in the Northern District of Georgia. (*See* Prange Decl. ¶ 9, Ex. H). IPinvestments Group likely has firsthand knowledge and documents relating to the sale of, and any valuation performed on, the asserted patents.

Conversely, there are no known non-party witnesses that reside or work within 100 miles of this Court, and all known non-party witnesses are, therefore, either outside this Court's absolute subpoena power or at least potentially able to quash this Court's trial subpoenas due to substantial expense. *McCloud v. McClinton Energy Group., L.L.C.*, No. 5:14-cv-620, 2014 U.S. Dist. LEXIS 160080, at *9-11 (W.D. Tex. Nov. 14, 2014); *Chrimar Sys., Inc. v. Juniper Networks, Inc.*, No 6:15-cv-630, Dkt. No. 24 at 7 (E.D. Tex. Jan. 11, 2016)(attributing little weight to the ability to subpoena third parties located more than 100 miles away). Accordingly, the availability of compulsory process to secure the attendance of non-party witnesses weighs in favor of transfer.

## C.   The Convenience of Attendance for Willing Witnesses Favors Transfer.

"The convenience of the witnesses is probably the single most important factor in transfer analysis." *Genentech*, 566 F.3d at 1343 (quoting *Neil Bros. Ltd. v. World Wine Lines, Inc.*, 425 F.

Supp. 2d 325, 329 (E.D.N.Y. 2006)); *Phil-Insul Corp. v. Reward Wall Sys., Inc.*, No. 6:11-cv-53, 2012 U.S. Dist. LEXIS 114493, at *9 (E.D. Tex. Feb. 10, 2012) ("This factor heavily favors transfer when a substantial number of material witnesses reside in the transferee venue and no witnesses reside in the transferor venue.") (internal quotations omitted). "[T]he convenience of third-party witnesses is given greater weight than the convenience of party witnesses." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-cv-390, 2010 U.S. Dist. LEXIS 104616, at *23 (E.D. Tex. Sept. 30, 2010). Requiring witnesses to travel to a remote district to attend trial imposes "not only . . . monetary costs, but also the personal costs associated with being away from work, family, and community." *See Volkswagen*, 545 F.3d at 317.

First, non-party witnesses James M. Dabbs, III, Brian Claise, Emergency Response Systems, LLC, and IPinvestments are all located in the Northern District of Georgia. *See supra* at 13. These witnesses would incur significant inconvenience and expense having to travel roughly 700-800 miles from Atlanta, Georgia to Tyler, Texas if the case is maintained here. (*See* Prange Decl. ¶ 11, Ex. J). In addition, Sensus witnesses in North Carolina would spend significantly less time traveling to the Northern District of Georgia than to the Eastern District of Texas. There is no direct flight from Raleigh, North Carolina to Tyler, Texas. Travel to the Tyler area from Sensus's headquarters in Raleigh, North Carolina would require an airline flight as well as an extended car ride from the airport. (*See* Prange Decl. ¶ 11, Ex. J); *see also ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 776 (E.D. Tex. 2014) ("[T]he existence or non-existence of direct flights can impact the analysis of travel time. Thus, regardless of the 'straight line' distances . . ., if 'travel time' distances favor the transferee venue, then this factor will favor transfer.") (citation omitted). Travel for Sensus's North Carolina witnesses to Atlanta is a substantially shorter direct flight. (See Prange Decl. ¶ 11,13 Ex. J, L). Likewise, travel to Atlanta is more convenient even

for the patent attorney witness traveling from Washington, D.C, based on total travel time. (*See* Prange Decl. ¶ 11, Ex. J).

Considering that non-party and Sensus witnesses are substantially closer to the Northern District of Georgia than the Eastern District of Texas in travel time, this factor favors transfer.

**D.    Judicial Economy Weighs in Favor of Transfer.**

Judicial economy may be a paramount consideration in evaluating a transfer motion. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448, 2010 U.S. Dist. LEXIS 69536, at *18 (E.D. Tex. July 13, 2010) ("Courts in this district have consistently recognized the pronounced significance of judicial economy in the § 1404(a) analysis in patent cases."). Although generally judicial economy is evaluated at the time a case is filed, *In re EMC Corp.*, 501 F. App'x. 973, 976 (Fed. Cir. 2013), this District, and this Court, have considered activity after case filing in evaluation a motion to transfer. *Realtime Data LLC v. Teradata Operations, Inc.*, No. 6:15-cv-470, Dkt. No. 35, at 10, 2016 U.S. Dist. LEXIS 6320, at *21-22 (E.D. Tex. Jan. 20, 2016). For example, when multiple cases have been consolidated and, thereafter, some cases transferred, this Court has held the interests of judicial economy should broadly consider the circumstances of the case at the time when the transfer motion is filed. *Id.* (finding that judicial economy and risk of inconsistent adjudication weighed strongly for transfer to the Northern District of California where one consolidated defendant had already been transferred to that venue).

The circumstances of the consolidated cases support transfer to the Northern District of Georgia to conserve judicial resources. Presently GroupChatter has sued four parties for infringement of the same patents. Two of those cases have been transferred (by court order or stipulation) to the Northern District of Georgia. Requiring multiple courts to simultaneously address issues common to multiple cases on the same patents will "consume scarce judicial resources, and create a risk of inconsistent adjudication, all of which are considerations § 1404(a)

14

was designed to avoid." *Realtime Data LLC v. Teradata Operations, Inc.*, No. 6:15-cv-470, Dkt. No. 35, at 10 (E.D. Tex. Jan. 20, 2016); *see also Bandspeed, Inc. v. Acer, Inc.*, No. 2:10-cv-215, 2011 U.S. Dist. LEXIS 91472, at *22-23 (E.D. Tex. Aug. 15, 2011) ("[J]udicial economy considerations strongly favor transferring [a] case" when "litigating the [asserted patents] almost simultaneously in [the transferor district] and the [transferee district] would be a waste of judicial resources and risk inconsistent outcomes.").

There have been no previous cases in this District involving GroupChatter or the asserted patents. Accordingly, judicial economy principles weigh in favor of transferring this case to the Northern District of Georgia.

## IV.   The Public Interest Factors Weigh In Favor of Transfer to the Northern District of Georgia.

### A.   There is a Local Interest in Having This Case Decided in Georgia.

Local interest determination involves a comparison of the localized interest of the two forums. *Lone Star Document Mgmt., LLC v. Catalyst Repository Sys.*, No. 6:12-cv-164, 2013 U.S. Dist. LEXIS 144617, at *16-17 (E.D. Tex. Mar. 15, 2013). Here, the Northern District of Georgia has a much stronger local interest in resolving this case than the Eastern District of Texas because the Georgia area has more significant connections to relevant non-party witnesses, the development of the claimed patented technology, and to Sensus.

First, numerous non-party witnesses, including the named inventors of the asserted patents, the former owner of the asserted patents, and the brokerage firm that sold the asserted patents, are located in the Northern District of Georgia. (*See* Prange Decl. ¶¶ 7-9, Exs. F, G, H). Significant activities pertaining to the conception, reduction to practice, prosecution, and sale of the asserted patents have strong ties to the Northern District of Georgia. The work of these

witnesses may be questioned during the litigation and at trial. Thus, the Northern District of Georgia has a significant interest in this case.

Second, Sensus, and some of its employees, is located in the Northern District of Georgia in Atlanta. (*See* Boyle Decl. ¶ 7). *See Hoffman-LaRoche*, 587 F.3d at 1336 ("[L]ocal interest in the case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community.") As Sensus has been accused of infringement, the Northern District of Georgia has a local interest in the reputational adjudication of Sensus.

In contrast, the Eastern District of Texas has limited localized interest in this case. Beyond the recent formation of GroupChatter, the only apparent connection this case has to the Eastern District of Texas is the nationwide sale of the accused FlexNet AMI System and three distributed Sensus employees. Such limited connections are afforded little to no weight in the analysis. *See Adaptix*, 937 F. Supp. 2d at 878 ("When the accused products or services are sold nationwide, the alleged injury does not create a substantial local interest in any particular district."); *TS Tech*, 551 F.3d at 1321 ("[T]he vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue."); *Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-cv-364, 2012 U.S. Dist. LEXIS 19210, at *20 (E.D. Tex. Feb. 14, 2012) ("Interests that 'could apply virtually to any judicial district or division in the United States,' such as nationwide sale of infringing products, are disregarded in favor of particularized local interests.") (quoting *Volkswagen II*, 545 F.3d at 318). Sensus offers to sell and sells the FlexNet AMI System to customers across the United States. (Boyle Decl. ¶ 9). Accordingly, this factor weighs in favor of transfer. *GroupChatter, LLC v. GroupChatter, LLC v.*

*Landis+Gyr Technologies, LLC et al.,* No. 6:15-cv-886-JRG-JDL, Dkt. No. 34 at 12, 13 (Feb. 11, 2016, E.D. Tex.).

### B.   The Remaining Public Interest Factors Are Neutral.

In ordering transfer of the *GroupChatter v. Landis+Gyr,* matter, this Court considered the remaining public interest factors and found them to be neutral. *Id.* at 11-13. This Court has held that court congestion statistics generally, and specifically relating to the Eastern District of Texas and Northern District of Georgia, are speculative at best, and, thus, found the factor neutral. *Id.* at 11-12. Both districts are familiar with the law that will govern this case, and this case raises no issues of conflicts of law or the application of foreign law. *TracBeam, LLC v. Apple, Inc.*, No. 6:14-CV-680, 2015 U.S. Dist. LEXIS 131920, at *23 (E.D. Tex. Sept. 29, 2015).

### CONCLUSION

For the reasons set forth herein, the private and public interest factors collectively demonstrate that the Northern District of Georgia is the clearly more convenient forum. Thus, Sensus respectfully requests transfer of this case to the Northern District of Georgia for the convenience of the parties and witnesses and to promote the interest of justice.

Dated: February 29, 2016                Respectfully submitted,

                                        **GERMER PLLC**

                                        By:*/s/ Charles W. Goehringer, Jr*
                                        Charles W. Goehringer, Jr. (TX Bar # 00793817)
                                        550 Fannin, Suite 400
                                        P.O. Box 4915
                                        Beaumont, Texas 77701
                                        409.654.6700
                                        409.835.2115
                                        E-Mail: cwgoehringer@germer.com


                                        **ROBINS KAPLAN LLP**
                                        800 LaSalle Avenue, Suite 2800
                                        Minneapolis, MN 55402-2015
                                        612.349.8500 (telephone)
                                        Christopher K. Larus
                                        MN Bar No. 226828
                                        Email: clarus@robinskaplan.com
                                        David A. Prange
                                        MN Bar No. 329976
                                        Email: dprange@ronbinskaplan.com
                                        612.339.4181 (fax)

                                        **Attorneys for Defendant Sensus USA, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 29, 2016.

<u>/s/ Charles W. Goehringer, Jr.</u>
Charles W. Goehringer, Jr.

## <u>CERTIFICATE OF CONFERENCE</u>

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h) for this Motion. Counsel for Defendant, David A. Prange, met and conferred with counsel for Plaintiff, Cabrach J. Connor, via telephone on February 18, 2016 concerning the subject of the present motion.

<u>/s/ David A. Prange</u>
David A. Prange